[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 269.]

THE STATE OF OHIO, APPELLEE, *v*. BASSHAM, APPELLANT.

[Cite as *State v. Bassham*, 2002-Ohio-797.]

*Appellate procedure—Motion for clarification of a final order does not affect the time requirements for filing a notice of appeal.*

(No. 00-1517—Submitted October 17, 2001 at the Greene County Session—
Decided February 27, 2002.)

APPEAL from the Court of Appeals for Greene County, No. 2000CA29.

_____

SYLLABUS OF THE COURT

A motion for clarification of a final order does not affect the time requirements for filing a notice of appeal.

_____

FRANCIS E. SWEENEY, SR., J.

{¶ 1} At about 1:45 a.m. on September 3, 1999, Officer Joseph Topiah of the Beavercreek Police Department observed appellant, Brian J. Bassham, commit a traffic offense. After stopping appellant's vehicle, Officer Topiah detected a slight odor of alcohol coming from appellant's mouth and noted that appellant's eyes were glassy and bloodshot. Based on these initial observations, he gave appellant a series of field sobriety tests. After the officer observed appellant fail one of these tests, he decided to arrest appellant. At the station, appellant was given a breath-alcohol-content test ("BAC"). Appellant was later charged with operating a vehicle while under the influence of alcohol and with a prohibited breath-alcohol content in violation of R.C. 4511.19 and with failure to yield when entering a road from a private drive in violation of R.C. 4511.44.

{¶ 2} On October 5, 1999, appellant moved to suppress evidence. After a hearing on the motion, a magistrate determined that the officer was justified in

making the stop but did not have probable cause to arrest appellant for a D.U.I. offense. Based on these findings, the magistrate suppressed "the officer's observations" and the results of the BAC test. On February 1, 2000, the trial court overruled the state's objections to the magistrate's findings and affirmed the magistrate's decision. On March 6, 2000, the state, appellee, filed a "motion for clarification" requesting a clarification as to what observations were suppressed. The trial court granted the motion, and in its March 15, 2000 judgment entry clarified that only the officer's observations prior to the stop were admissible; the observations made after the stop were inadmissible. Thereafter, the state filed its former Crim.R. 12(J), now Crim.R. 12(K), certification and appealed this judgment within seven days of the entry. The court of appeals reversed the trial court's judgment and remanded the cause. In its decision, the appellate court overruled appellant's request to dismiss the appeal, finding that the appeal was timely filed under former Crim.R. 12(J), now Crim.R. 12(K). This cause is now before this court pursuant to the allowance of a discretionary appeal.

{¶ 3} The issue is whether the state's appeal was timely filed. We find that the appeal was untimely and that the court of appeals was without jurisdiction to hear it. Therefore, we vacate the judgment of the court of appeals and dismiss the cause.

{¶ 4} The parties dispute which order should have been appealed. Appellant argues that the appeal should have been taken from the February 1 order. Since the state neglected to file a notice of appeal within seven days of this order, appellant maintains that the court was without jurisdiction to consider this appeal. However, the state asserts that there was no final appealable order until the state certified that it was one pursuant to former Crim.R. 12(J), now Crim.R. 12(K). In this case, the state contends that it could not make this certification until the suppression order was clarified. Thus, it was only after the order was clarified on March 15 that the decision became a final appealable order.

**{¶ 5}** Both R.C. 2945.67 and former Crim.R. 12(J), now Crim.R. 12(K), establish the state's right to appeal from the granting of a pretrial motion to suppress. R.C. 2945.67 states:

"(A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence * * *."

**{¶ 6}** Former Crim.R. 12(J), now Crim.R. 12(K), defines the procedure for the state's appeal:

"(J) Appeal by state. When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that: (1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

**{¶ 7}** A final order is any order that in effect determines the case. *State v. Davidson* (1985), 17 Ohio St.3d 132, 134, 17 OBR 277, 279, 477 N.E.2d 1141, 1144. In *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 22, 573 N.E.2d 22, 24, we recognized that where an evidentiary ruling destroys the state's case, the ruling is in essence a final order from which the state may appeal. Former Crim.R. 12(J), now Crim.R. 12(K), and App.R. 4(B)(4)[1] further provide that the state must file its notice of appeal within seven days of the final order granting the motion to suppress.

---

1. Former Crim.R. 12(J), now Crim.R. 12(K), further provides:

"The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently."

App.R. 4(B)(4) states: "Appeal by prosecution. In an appeal by the prosecution under Crim.R. 12(J) * * *, the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed."

**{¶ 8}** The state's position that the appeal time did not start running until the state certified the case would impermissibly allow the state to determine the time limits for its appeal and is contrary to the intended scope of former Crim.R. 12(J), now Crim.R. 12(K). The rule provides the state with only a limited right of appeal. It is an exception to the general rule prohibiting appeals by the state in criminal prosecutions and thus must be strictly construed. *State v. Caltrider* (1975), 43 Ohio St.2d 157, 72 O.O.2d 88, 331 N.E.2d 710, paragraph one of the syllabus.

**{¶ 9}** The February 1 order clearly states that the observations of the officer and the BAC results were suppressed. This broad and unequivocal language destroyed the state's ability to prosecute the case. Without the only eyewitness's observations and the test results, there was nothing left to try. Because the state failed to timely avail itself of its limited appeal rights after the judgment was entered, the court below lacked jurisdiction to hear the appeal. See *State v. Buckingham* (1980), 62 Ohio St.2d 14, 16, 16 O.O.3d 8, 10, 402 N.E.2d 536, 538.

**{¶ 10}** However, in an apparent attempt to circumvent the mandatory language of former Crim.R. 12(J), now Crim.R. 12(K), the state, after waiting thirty-four days after the order, moved for clarification as to what observations of the officer were suppressed.

**{¶ 11}** Appellant argues that such a motion is a nullity and does not affect the time limit for an appeal. For support, appellant cites *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, and the appellate court's own decision in *State v. Flynn* (Mar. 6, 1987), Montgomery App. No. CA10152, unreported, 1987 WL 7502.

**{¶ 12}** In *Pitts,* this court held that under the Ohio Rules of Civil Procedure there was no provision for a motion for reconsideration after a final judgment in the trial court. We also determined that such a motion is a nullity, the filing of which does not affect the time requirements for filing a notice of appeal.

**{¶ 13}** In *Flynn,* the same court of appeals as in the case at bar applied *Pitts* and found that it lacked jurisdiction over an appeal challenging a trial court's ruling on a motion for reconsideration of a suppression order. The appellate court should have followed its own decision and ruled that the motion for clarification did not toll the time within which the prosecution should have filed its appeal.

**{¶ 14}** Accordingly, we hold that a motion for clarification of a final order does not affect the time requirements for filing a notice of appeal. Thus, the appellate court was without jurisdiction to hear the appeal. If the state believed that the original suppression order was a misapplication of the law or needed further refinement, it was still obligated to file its notice of appeal within seven days of that order. A motion for clarification, filed thirty-four days out of time, cannot extend that time. Accordingly, the judgment of the court of appeals is reversed and the cause is dismissed.

*Judgment reversed*

*and cause dismissed.*

MOYER, C.J., DOUGLAS, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in syllabus and judgment.

RESNICK, J., concurs in judgment.

_____

**ALICE ROBIE RESNICK, J., concurring in judgment.**

**{¶ 15}** Each appeal certified by the state pursuant to R.C. 2945.67 and former Crim.R. 12(J), now Crim.R. 12(K), is unique. As a result, I am unable to join the syllabus or opinion, since the majority generalizes these appeals and fails to distinguish instances when an appeal may be timely even though filed outside what would normally be the allowable time limits.

**{¶ 16}** When a trial court issues an order suppressing evidence in a criminal case, the onus is on the prosecutor to determine whether the remaining evidence is enough for effective prosecution. If the prosecutor determines that effective

prosecution is no longer possible, the prosecution may appeal the trial court's ruling within seven days. When filing this appeal, the prosecutor must certify that "the appeal is not taken for the purpose of delay" and that the trial court's ruling has destroyed "any reasonable possibility of effective prosecution." Former Crim.R. 12(J), now Crim.R. 12(K).

**{¶ 17}** The majority opinion, in equating an order to suppress evidence that is subject to appeal under former Crim.R. 12(J), now Crim.R. 12(K), with the typical final appealable order at issue in *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, fails to appreciate the nuances of an appeal under former Crim.R. 12(J), now Crim.R. 12(K).

**{¶ 18}** In *State v. Bertram* (1997), 80 Ohio St.3d 281, 283-284, 685 N.E.2d 1239, 1241, this court recognized the significance of the word "certify" in former Crim.R. 12(J), now Crim.R. 12(K). The rule places a good faith obligation on the prosecutor in the exercise of discretion when complying with the rule's requirements. The decision whether to file such an appeal is the prosecutor's alone. It is not for the trial court to make the choice required by the rule. *State v. Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St.3d 166, 169, 569 N.E.2d 478, 481. Furthermore, it is not for the court of appeals to second-guess the reasonableness of the prosecutor's decision. *State v. Bertram*, paragraph two of the syllabus.

**{¶ 19}** In this case, there is no question that the trial court's ruling of February 1, 2000, destroyed the state's ability to effectively prosecute. It is clear that this original suppression order was broader than was the order of March 15, 2000, on the state's motion for clarification. If the ruling of March 15 destroyed the state's ability to prosecute, as the prosecution certified after that ruling, the order of February 1 destroyed the ability to prosecute to an even greater extent. For this reason, I agree with the majority that based upon the facts of this case, the February 1 order triggered the seven-day period provided in former Crim.R. 12(J), now

Crim.R. 12(K), and App.R. 4(B)(4).[2] Therefore, I agree with the judgment of the majority that the state's appeal is untimely.

{¶ 20} In this case there is no question that the prosecutor could have made the certification required by former Crim.R. 12(J), now Crim.R. 12(K), in good faith after the February 1 order without violating the rule's certification requirement. However, there are some instances when a prosecutor can be placed in a dilemma by a trial court's ruling on a motion to suppress. A prosecutor who is faced with an unclear trial order cannot reasonably be expected to certify that the chance for effective prosecution has been destroyed until the decision of the court is clarified. If the prosecutor is forced to file an appeal from an unclear order, as the majority's syllabus seems to require, the prosecutor may be certifying something that in actuality does not destroy "any reasonable possibility of effective prosecution." In that situation, the prosecutor faces a dilemma—if the prosecutor does choose to file a certified appeal it may appear in hindsight that he or she did not act in good faith if the trial court's order as clarified does not destroy the chance to prosecute, but if the prosecutor chooses not to appeal, he or she may lose the opportunity to appeal if the trial court's ruling as later clarified does destroy the chance to prosecute.

{¶ 21} In most cases involving an appeal from an order whose finality is in question, an appeal can be filed as a provisional safeguard. In those typical cases, the appeal that turns out to have been premature or unnecessary is simply dropped and the case continues in the trial court. However, a Crim.R. 12(K) appeal is different, because of the rule's certification requirement and the ethical implications of the rule. A prosecutor trying to decide whether to appeal under Crim.R. 12(K)

---

2. App.R. 4(B)(4) provides, "In an appeal by the prosecution under Crim.R. 12(J) or Juv.R. 22(F), the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed." App.R. 4(B)(4) thus continues to refer to Crim.R. 12(J) although it should have been amended to refer to Crim.R. 12(K) when Crim.R. 12 was amended and renumbered effective July 1, 2001.

cannot in good faith file such a provisional appeal if he or she does not reasonably believe that the chance for effective prosecution has been destroyed—and if the trial court's ruling is unclear, it is sometimes impossible for the prosecutor to make the required decision.

{¶ 22} Consequently, I believe that there are situations in which a motion for clarification of an order suppressing evidence should extend the time for filing a notice of appeal. The seven-day period for filing an appeal pursuant to Crim.R. 12(K) cannot begin to run when an order is so ambiguous that it does not allow the prosecutor to make a reasoned decision whether an appeal is appropriate. In such a situation, the appeal time should begin to run only when the ambiguous order has been clarified.

————————————

*Joseph W. Stadnicar,* Beavercreek Prosecutor, for appellee.

*Michael A. Buckwalter,* for appellant.

*W. Andrew Hasselbach,* urging reversal for *amicus curiae*, Ohio Association of Criminal Defense Lawyers.

————————————