JOURNAL ENTRY and OPINION
{¶ 1} The State of Ohio appeals from a common pleas court order granting defendant-appellee Darrell Mayo's motion to suppress evidence. The State urges that:
 {¶ 2} THE TRIAL COURT ERRED WHEN IT MISAPPLIED BASIC FOURTH AMENDMENT PRINCIPLES AND SUPPRESED MARIJUANA SEIZED FROM DEFENDANT.
{¶ 3} Appellee has moved the court to dismiss this appeal because the State's notice of appeal was not timely. We agree that we lack jurisdiction over this appeal and dismiss.
 PROCEDURAL HISTORY
{¶ 4} In an indictment filed October 31, 2000, appellee was charged with on count of possession of marijuana in violation of R.C.2925.01 and one count of preparation of drugs for sale in violation of R.C. 2925.07. On March 21, 2001, he moved the court to suppress physical evidence and statements he made to the police. The court held a hearing on the motion on April 13, 2001, after which it ordered the parties to submit written final arguments.
{¶ 5} The court entered the following order granting the appellee's motion to suppress on July 31, 2001:
 Hearing held, on motion of defendant to suppress evidence is granted [sic].
 Based upon the principles of US v Place 462 U.s. 696. 103 S.Ct. 2637 (1983) and U.S. Sharpe [sic] 470 U.S.675 [sic], 105 S.CL. 1568, the Cleveland area DEA airport intradiction [sic] unit had more than 5 hours to secure a drug sniffing dog to await defendant's arrival at Hopkins or to obtain a warrant prior to defendant's arrival time, of which the unit was aware before hand; and thus could have avoided the nearly three hour wait while a warrant was obtained. The detention and the search were therefore unreasonable. The marijuana is excluded from evidence.
{¶ 6} On August 22, 2001, the state moved the court to vacate and reenter its ruling on the motion to suppress, claiming that the state had not been served with a copy of the court's ruling. The court granted the state's motion in the following order entered on September 11, 2001:
 Hearing held on state's motion to vacate order regarding motion to suppress.
 Prosecution failed to receive service of the journal entry granting the motion to suppress. The court indicated that it would give notice directly of the filing of the journal entry, but the court failed to do so, and the clerk of court did not serve a copy to the prosecutor. The order dated July 31, 2001 is hereby ordered vacated and held for naught.
{¶ 7} The court simultaneously entered an order virtually identical to the July 31 order granting the motion to suppress. The state filed its notice of appeal from this order on September 10, 2001.
 LAW AND ANALYSIS
{¶ 8} App.R. 4(B)(4) provides:
 Appeal by Prosecution. In an appeal by the prosecution under Crim.R. 12(J) [sic] or Juv.R. 22(F), the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed. [Emphasis added.]
{¶ 9} Former Crim.R. 12(J) (now Crim.R. 12(K)) likewise provides:
 The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. [Emphasis added.]
{¶ 10} "The rule provides the state with only a limited right of appeal. It is an exception to the general rule prohibiting appeals by the state in criminal prosecutions and thus must be strictly construed."State v. Bassham (2002), 94 Ohio St.3d 269, 271.
{¶ 11} In Bassham, the supreme court held that a motion to clarify an order granting a motion to suppress did not affect the time requirements for filing a notice of appeal, which ran from the date of the original order. The court equated that motion to clarify with a motion for reconsideration, noting that it had previously found a motion for reconsideration of a final judgment to be a nullity that did not extend the time for filing a notice of appeal. Though the motion to clarify was not a nullity, it did not affect the finality of the order granting the motion to suppress, because the suppression order in. "broad and unequivocal language destroyed the state's ability to prosecute the case," and was therefore final without clarification. Id.,94 Ohio St.3d at 272.
{¶ 12} Likewise, the order granting appellee's motion to suppress in this case was final when it was first entered on July 31, 2001. Even if the state did not receive notice of the court's ruling, the finality of the court's order was not affected by that fact. Unlike a civil case (in which the clerk of court must provide written notice to the parties of the filing of a final judgment, Civ.R. 58(B)), in a criminal case, no written notice is required.[1] The judgment is effective when entered on the journal by the clerk. Crim.R. 32(C). The time for filing an appeal runs from the date the order is entered, not from the date of notice. Compare App.R. 4(A) and App.R. 4(B)(4).
{¶ 13} There is no provision is the Rules of Criminal Procedure for a motion to vacate a final order granting a motion to suppress. "Courts in Ohio not only have no authority to reconsider a valid final judgment in criminal cases * * * they are also precluded from reentering judgment in order to circumvent the App.R. 4(A) limitation period." Statev. Myers (Nov. 18, 1993), Cuyahoga App. No. 65309, unreported; State v.Bernard (May 29, 2000), Montgomery App. No. 18058, unreported. Therefore, the motion to vacate, the order granting it, and the refiled order granting appellee's motion to suppress were all nullities.
{¶ 14} Appellant did not timely appeal from the common pleas court's order granting appellant's motion to suppress. Accordingly, we dismiss this appeal for lack of jurisdiction.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and DIANE KARPINSKI, J., CONCUR.
[1] Notably, the state is the entity which must provide due process; it has no right of due process from itself. Therefore, it cannot claim a constitutional right to notice. State v. Hartikainen (2000),137 Ohio App.3d 421, 424-25.