OPINION
{¶ 1} Defendant-appellant, Mark Davenport, appeals his conviction in the Butler County Court of Common Pleas for 14 counts of pandering sexually-oriented material involving a minor, two counts of illegal use of a minor in nudity-oriented material, and three counts of rape. Appellant contends that the trial court erred in failing to dismiss the 19-count indictment against him as violative of his speedy-trial rights as established in R.C.2945.71. We affirm the decision of the trial court.
 {¶ 2} On January 7, 2004, Detective Rick Sweeney of the Hamilton County Sheriff's Office entered an internet chat room posing as a 14-year-old female under the screen name "ashlee_14_cincybaby," and engaged in conversations with appellant, who was using a screen name of "winston_smooth." During the conversations, appellant solicited "ashlee_14_cincybaby" to engage in sexual activity and transferred video clips showing him engaging in sexual acts with a child he stated was his seven-year-old daughter.
 {¶ 3} Det. Sweeney was able to obtain an IP address for appellant and he was arrested at his home in Fairfield, Ohio by the Hamilton County Sheriff's Department. Pursuant to a search warrant, officers confiscated a number of computers and video equipment from appellant's home. At this time, the Hamilton County's RECI (Regional Electronic Computer Investigations) Lab conducted a "preview" of the contents of appellant's computer, from which they were able to determine that the images transferred during the conversations were located on appellant's computer. Appellant was indicted on January 16, 2004 by a Hamilton County Grand Jury on two counts of illegal use of a minor in nudity-oriented material, two counts of pandering sexual-oriented material involving a minor, and one count of importuning. The charges were based on the transmission and use of illegal pornographic material involving a child, and for appellant's internet solicitation of Det. Sweeney, as "ashlee_14_cincybaby," to engage in sexual activities.
 {¶ 4} The RECI Lab continued to analyze the contents of appellant's computer, conducting a complete forensic examination of the machine that lasted into March 2004. This forensic examination enabled officers to preserve, locate, and identify hundreds of illegal pornographic images involving children, in addition to the video files that were transferred during the internet conversations with Det. Sweeney. A CD compilation of the results of this forensic examination was forwarded to the Butler County Prosecutor's Office on April 13, 2004. Fairfield police officers also continued their investigation, conducting numerous witness interviews, and were able to interview and obtain a medical examination of appellant's daughter. Appellant continued to deny that the child in the video clips was his daughter or that he had engaged in sexual activities with his daughter. In March 2004, officers received a tip from a former fellow inmate of appellant's, who told them that appellant had admitted to him that he had, in fact, raped his daughter. The tip also led officers to a number of letters and journal entries in which appellant made incriminating statements regarding the rape of his daughter which were located during a search of his Hamilton County Jail cell.
 {¶ 5} On May 6, 2004, appellant entered a plea of guilty to the five Hamilton County charges and remained in the Hamilton County Justice Center awaiting sentencing. On June 3, 2004 a Butler County Grand Jury returned a 19-count indictment against appellant, charging 14 counts of pandering sexually-oriented material involving a minor for pornographic images downloaded and possessed on his computer; two counts of illegal use of a minor in nudity-oriented material for pornographic images downloaded and possessed on his computer; and three counts of rape for acts committed against his seven-year-old daughter.
 {¶ 6} On June 10, 2004, appellant was served with the Butler County indictment and was arraigned. On that same date, appellant executed an unlimited time waiver giving up his constitutional and statutory speedy-trial rights. On October 15, 2004, appellant filed a motion to dismiss the Butler County indictment, arguing that the state was bound to bring him to trial within 90 days from the date of his January arrest and had exceeded that time limit. A hearing on the motion was held on October 29, 2004, at which time appellant also revoked his time waiver. The trial court overruled appellant's motion to dismiss and appellant entered no contest pleas to each of the 19 counts charged. Appellant appeals, raising a single assignment of error in which he argues that the trial court erred in failing to dismiss the Butler County indictment as it was issued more than 90 days after his January arrest on the same, underlying facts.
 {¶ 7} Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. State v.Baker, 78 Ohio St.3d 108, 110, 1997-Ohio-229. In the state of Ohio, R.C. 2945.71 to R.C. 2945.73 provide specific time requirements in which the state must bring an accused to trial. Id. Under R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest, not including the date of his arrest. Id. R.C. 2945.71(E), known as the "triple count provision," states that where an accused is held in jail in lieu of bail on the pending charge, each day shall be counted as three days. The provision, in effect, creates a 90-day speedy-trial timetable where an accused is held in jail on the pending charge.
 {¶ 8} Appellate review of speedy-trial issues involves a mixed question of law and fact. State v. High,143 Ohio App.3d 232, 242, 2001-Ohio-3530. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id. Appellant argues that his January arrest was premised on the same facts which later supported the Butler County charges and that therefore, the speedy-trial timetable for the case at hand began to run following his arrest on January 7, 2004. He contends that the fact that he was held in jail while the charges were pending entitles him to the shortened, 90-day speedy-trial timetable. Appellant argues that he was in the Hamilton County Justice Center for 137 days before the Butler County indictment was returned and that his speedy-trial rights were therefore violated.[1]
 {¶ 9} However, an accused is only entitled to this shortened timetable when held in jail solely on the pending charge.State v. Kaiser (1978), 56 Ohio St.2d 29, paragraph two of the syllabus. Even where an accused is held in jail on pending charges, he will not receive triple credit if he is also being held for additional charges. See State v. MacDonald (1976),48 Ohio St.2d 66 (finding defendant not entitled to triple credit for time held jointly on pending state and federal charges); see, also, State v. Wright, Clermont App. No. CA2004-08-061,2005-Ohio-3907 (finding defendant not eligible for triple credit where also being held on parole holder).
 {¶ 10} Appellant's argument seeks first to establish that the Butler County charges should have been filed at the same time as the Hamilton County charges, and then to apply the same, shortened speedy-trial timetable to the charges from the two separate counties. However, this application is inconsistent with established law. While many of the cases cited by both the state and appellant deal with multiple indictments against an accused within a single county, State v. Phillips, Clark App. No. 2003-CA-15, 2004-Ohio-4688, is most analogous to the case at hand. In Phillips, the Second District Court of Appeals noted that the defendant would be entitled to only a straight-count for time served in Greene County during a 15-day period of time where Clark County charges were also pending. Id. at ¶ 34-35. Applying this rule to the case at hand, it is clear that even if we were to accept appellant's argument and hold Butler County to a speedy-trial timetable which began to run from appellant's January arrest, appellant would still not be entitled to triple credit because he would not have been held solely on Butler County charges. Analogous to the MacDonald and Phillips
holdings, where an accused is held simultaneously on multiple pending charges, he is ineligible for the shortened 90-day timetable. Therefore, even if the Butler County charges had been filed and pending in January 2004 as appellant, in effect, seeks to accomplish, the pending Hamilton County charges would prevent application of the "triple count provision" in this case.
 {¶ 11} Therefore, under a straight count, 155 calendar days elapsed from the time of appellant's arrest to the date appellant signed the unlimited waiver of his speedy-trial rights on June 10, 2004. Further, all time appellant spent in jail from the date he signed the time waiver until it was revoked on October 29, 2004, is tolled.[2] As the triple count provision of R.C.2945.71(E) does not apply, appellant is only entitled to the standard 270-day speedy-trial timetable. Additionally, as all time from June 10, 2004 to October 29, 2004 is tolled by the signed time waiver, the state clearly satisfied the statutory speedy-trial requirements.
 {¶ 12} While our determination that appellant would not be entitled to the shortened speedy-trial timetable resolves this case, we note also that the trial court's holding, finding the Butler County charges entitled to their own 270-day speedy-trial timetable, was a correct application of the rule of State v.Baker, 78 Ohio St.3d 108, 1997-Ohio-229. The trial court overruled appellant's motion to dismiss based on the Ohio Supreme Court's reasoning in Baker. In Baker, the Court held that, in cases involving multiple indictments, "subsequent charges against an accused would be subject to the same speedy trial constraints as the original charges, if the additional charges arose from the same facts as the first indictment." Id. at 110, citing State v.Adams (1989), 43 Ohio St.3d 67. The Court held that where subsequent charges arise from new and additional facts, unknown at the time of the original arrest, the state is not bound to the speedy-trial timetable of the original arrest and may be afforded a new 270-day period. Id. at 111-112 (finding subsequent indictment for trafficking, the result of extensive audit of financial records, not bound to 270-day speedy-trial timetable of original arrest).
 {¶ 13} The trial court in this case found that the charges in Butler County were sufficiently different from the charges in Hamilton County and were the result of facts and information unknown at the time of appellant's Hamilton County arrest. At the motion hearing, Det. Sweeney explained that appellant's January arrest and the resulting indictment were based solely on the conversations and video transmissions made during the internet communications with appellant. He further testified that the later Butler County charges were the result of the on-going investigation which followed, including extensive forensic analysis of appellant's computer which was not completed until March 2004. Det. Sweeney also indicated that, while officerssuspected they would find evidence of child pornography on appellant's computer, they did not have sufficient probable cause at the time of his arrest to charge him with those crimes. The trial court therefore held that the 270-day speedy-trial timetable of the appellant's January arrest did not apply to the Butler County charges and denied appellant's motion.
 {¶ 14} We agree with the trial court's finding. Appellant's January arrest and the Hamilton County indictment against him were based solely on the internet solicitation by appellant and the transfer of the video files to Det. Sweeney. The charges in the Butler County indictment were the result of the officers' continued investigation into the activities discovered in January 2004. Officers conducted numerous witness interviews, interviews with and examination of appellant's daughter, and an extensive forensic analysis into the hundreds of files on appellant's computer. Further, as appellant continued to deny that he had committed sexual acts against his daughter, it was only through later obtained evidence, including the statement from appellant's former fellow inmate and the letters obtained through appellant's jail cell search, that the state had sufficient evidence to bring the additional charges of rape. This additional information was unknown to the state at the time of appellant's January arrest and would afford the state a new 270-day speedy-trial timetable with regard to the Butler County charges.
 {¶ 15} As appellant would not have been eligible for the shortened 90-day speedy-trial and the trial court properly found that the state was entitled to a new 270-day timetable with regard to the charges herein, there has been no violation of appellant's statutory speedy-trial rights. Appellant's assignment of error is overruled.
 {¶ 16} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] In his calculation, appellant counts from the date of his Hamilton County indictment, January 17, 2004, to the date of his Butler County indictment, June 3, 2004.
[2] Appellant signed the waiver, indicating he fully understood and voluntarily waived the constitutional and statutory speedy-trial time requirements with regard to his Butler County charges. Appellant does not challenge the validity of this waiver and it therefore acts to toll the timetable until it was revoked.