[Cite as *State v. Hatter*, 2014-Ohio-1910.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130326 |
| | | C-130331 |
| Plaintiff-Appellant, | : | C-130332 |
| | | C-130353 |
| vs. | : | TRIAL NO. B-1204280 |
| | | |
| JASON HATTER, | : | *O P I N I O N.* |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 7, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*The Farrish Law Firm*, and *Michaela M. Stagnaro*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Plaintiff-appellant, the state of Ohio, appeals from the judgment of the trial court granting the motion to suppress evidence filed by defendant-appellee Jason Hatter.  We find merit in the state's sole assignment of error, and we reverse the trial court's judgment.

{¶2}    Hatter was charged with the murder of his girlfriend, Annette Wallace, under R.C. 2903.02(B).  Subsequently, he filed a motion in limine in which he asked the trial court to prohibit the state from presenting testimony from three witnesses about statements allegedly made by Wallace concerning prior abuse by Hatter and text messages from Wallace's phone.  He attached to the motion bulleted summaries of what the witnesses' testimony would allegedly be. After a hearing on the motion, Hatter filed an amended motion in limine in which he argued that the various statements were hearsay not subject to any exception and that they also constituted inadmissible "other acts" testimony under Evid.R. 404.

{¶3}    The trial court journalized an entry granting Hatter's motion in part and denying it in part.  It found that images and messages recovered from both Wallace's and Hatter's cell phones were admissible, and denied the motion as it related to that evidence.

{¶4}    But the court also stated that "statements allegedly made by the decedent to her friends, as attached hereto, are not admissible.  Those statements are hearsay and are not admissible under the exceptions listed in Evid.R. 803 and 804." The court further stated:  "Neither are those statements admissible as other acts evidence under exceptions listed in Evid.R. 404(B) and 2945.59."   Finally, it precluded the state from introducing any evidence or testimony "relating to the

2

attached statements in any way in the trial of the above captioned case." The court attached to the entry the same bulleted summary of the witnesses' testimony that Hatter had attached to his motion.

{¶5} The following day, the trial court recast Hatter's motion in limine as a motion to suppress evidence and journalized an entry entitled "Entry Granting Defendant's Motion in Limine Suppressing Certain Statements" that essentially stated the same thing as the court's entry the previous day. This appeal followed.

{¶6} Before we can reach the merits of the state's assignment of error, we must determine if the state could properly appeal the trial court's judgment. As a general rule, rulings on motions in limine are interlocutory and are not final, appealable orders. *State v. Grubb*, 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142 (1986); *State v. Jackson*, 92 Ohio App.3d 467, 469, 636 N.E.2d 332 (1st Dist.1993). Although Hatter had filed a document entitled "motion in limine," the trial court had recast it as a motion to suppress.

{¶7} R.C. 2945.67 states that a prosecuting attorney may appeal as a matter of right "any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence[.]" Crim.R. 12(K) (formerly Crim.R. 12(J)) "supplements and formalizes the statutory procedure." *State v. Davidson*, 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985). It provides that when the state takes an appeal from an order suppressing or excluding evidence, the prosecuting attorney must certify that (1) the appeal is not taken for the purpose of delay, and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

3

{¶8}    In discussing the state's appeal of a motion to suppress, the Ohio Supreme Court has stated:

Any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable probability of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim.R. 12(J).

*Davidson* at syllabus.

{¶9}    The granting of Hatter's pretrial motion excluding the witnesses' testimony in its entirety severely weakened the state's case so that any reasonable possibility of effective prosecution was destroyed. Therefore, the trial court was correct in recasting the motion as one requesting the suppression of evidence. The granting of the motion was a final order from which the state was permitted to appeal under R.C. 2945.67, as long as it followed the provisions of Crim.R. 12(K). *See State v. Bassham*, 94 Ohio St.3d 269, 271-272, 762 N.E.2d 963 (2002); *State v. Malinovsky*, 60 Ohio St.3d 20, 22-23, 573 N.E.2d 22 (1991); *Jackson*, 92 Ohio App.3d at 469, 636 N.E.2d 332. The state filed the proper certification within seven days as required by Crim.R. 12(K). Therefore, this court has jurisdiction to entertain the appeal.

{¶10}    The trial court's ruling in this case is premature and far too broad. The trial court was presented with a bulleted summary of each witness's testimony taken from police interviews. The trial court did not actually listen to the interviews. Nevertheless, the court excluded all of the three witnesses' testimony. While the

court's order was somewhat ambiguous, it stated that the state was precluded from "introducing any evidence or testimony related to the attached statements in any way in the trial of the above captioned case."

{¶11}   While some of the witnesses' testimony may constitute inadmissible hearsay, it is difficult to tell if that is the case without hearing the statements in context.  Depending on the foundation laid for their testimony, their statements may well fall within exceptions for excited utterances under Evid.R. 803(2), statements of the declarant's then existing state of mind under Evid.R. 803(3), or another hearsay exception.  *See State v. Goshade*, 1st Dist. Hamilton No. C-120586, 2013-Ohio-4457, ¶ 8-9; *State v. Simpson*, 1st Dist. Hamilton No. C-100789, 2011-Ohio-4578, ¶ 24-25; *State v. Sutorius*, 122 Ohio App.3d 1, 7-8, 701 N.E.2d 1 (1st Dist.1997).

{¶12}   Further, some of the witnesses' testimony may involve inadmissible evidence of other bad acts presented to show that the defendant acted in conformity with his bad character.  *See* Evid.R. 404(B); *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 20.  But Evid.R. 404(B) provides that other bad acts are admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or absence."  *State v. Shedrick*, 61 Ohio St.3d 331, 337, 574 N.E.2d 1065 (1991); *Thomas* at ¶ 20.  The other acts need not be similar to the crime at issue.  If the other acts tend to show by substantial proof any of the items enumerated in Evid.R. 404(B), evidence of the other acts is admissible.  *State v. Coleman*, 45 Ohio St.3d 298, 299-300, 544 N.E.2d 622 (1989); *Thomas* at ¶ 21.  Some of the testimony may fall within one of these exceptions, which cannot be determined while looking at a summary of the witnesses' testimony outside of its context.

**{¶13}** Consequently, we hold that the trial court erred in granting the motion to suppress and in excluding the testimony of the three witnesses based on the summaries. We, therefore, sustain the state's assignment of error. We reverse the trial court's judgment and remand the matter for the trial court to properly determine the admissibility of the witnesses' testimony.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry this date.