[Cite as *State v. Hignite*, 2015-Ohio-5204.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2015-07-063 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N |
| | : | 12/14/2015 |
| - vs - | : | |
| | : | |
| DARRYL HIGNITE, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15CR30825

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Helbling Law Firm, LLC, John J. Helbling, 6539 Harrison Avenue, Cincinnati, Ohio 45247, for defendant-appellee

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the decision of the Warren County Court of Common Pleas granting two motions in limine in favor of defendant-appellee, Darryl Hignite. For the reasons outlined below, we reverse the trial court's decision and remand for further proceedings.

**Facts and Procedural History**

{¶ 2} On March 23, 2015, the Warren County Grand Jury returned an indictment

charging Hignite with one count of robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. According to the bill of particulars, the charge stemmed from allegations Hignite entered a US Bank located in Warren County at approximately 1:00 p.m. on August 5, 2014 and presented a teller with a note demanding $5,000 in cash "with no dye packets." Hignite is then alleged to have received approximately $4,000 in cash from the teller before fleeing from the scene.

{¶ 3} On May 29, 2015, the state filed a notice of its intent to introduce so-called "other acts" evidence at trial pursuant to Evid.R. 404(B). Specifically, the state provided notice that it planned to introduce photographic and video evidence Hignite attempted to rob an LCNB National Bank located in Butler County on September 13, 2014 before successfully robbing a Chase Bank also located in Butler County later that same day. Hignite ultimately pled guilty to both crimes in *State v. Hignite*, Butler C.P. No. CR2014-09-1473. According to the state, this evidence was admissible because it established Hignite's modus operandi and identity by depicting him wearing similar clothing to the individual shown robbing the US Bank now at issue.[1]

{¶ 4} On June 25, 2015, Hignite filed a motion in limine seeking to exclude the photographic and video evidence at trial by claiming it was inadmissible under both Evid.R. 404(B) and Evid.R. 403(A). Hignite then filed an additional motion in limine seeking to exclude a summary of an interview Hignite had with police, wherein he is alleged to have made a statement implicating himself in the US Bank robbery. On the morning of trial, the trial court issued a decision from the bench granting Hignite's two motions in limine. In reaching its decision, the trial court found the disputed evidence, although relevant and

---

1. The state also provided notice that it planned to introduce photographic and video evidence that Hignite robbed another US Bank located in Hamilton County several years earlier on July 7, 2007. Hignite pled guilty to this robbery in *State v. Hignite*, Hamilton C.P. No. B0705843. That evidence, however, is not a subject of this appeal.

- 2 -

generally admissible, would nevertheless be excluded at trial under Evid.R. 403(A) because its probative value substantially outweighed the danger of unfair prejudice to Hignite.

{¶ 5} Specifically, as the trial court stated in regards to the photographic and video evidence from LCNB National Bank and Chase Bank:

> With respect to the pictures and videos from September 13th, specifically from LCNB and from the Chase Bank, the Court finds that there are similarities in the way the defendant presents himself the way he acts and the way he – his gait, his appearance, that there are similarities that would be probative as to the issue of identification. That being said, the evidence is so unfairly prejudicial, that I find that even a limiting instruction will not be sufficient to prevent the jury from drawing an inference as to the defendant's character and that he acted in conformity with that character on August [5], 2014, so I am going to exclude the videos and the still photos from the incidents of September 13, 2014.

{¶ 6} In addition, as it relates to the summary of the interview containing Hignite's alleged statement he made to police implicating himself in the US Bank robbery, the trial court stated:

> But, having reviewed the statement, itself, I find that the statement, the context of the statement, if provided to the jury in a limited fashion that I would have to do to carve it up so as not to bring in his prior convictions or his other bad acts, to carve that up in such a way would have to be done to the point where the evidence that would remain would not be in proper context, it would not be reliable, and there is a high probability again that the jury would seize upon this evidence as character evidence, and invite them to really to lose their way. So, I'm going to exclude the interviews of the defendant, statements made by the defendant, again in the State's case in chief, for those reasons.

{¶ 7} On June 30, 2015, the trial court issued a written decision incorporating its ruling granting Hignite's motions in limine. After issuing its written decision, the state filed a timely certification pursuant to Crim.R. 12(K) and a notice of appeal, raising two assignments of error for review.

**Denial of a Motion in Limine as a Final Appealable Order**

{¶ 8} Prior to addressing the merits of the state's two assignments of error, we must first consider whether the trial court's decision is a final appealable order. Pursuant to R.C. 2945.67, the state "may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants * * * a motion to suppress evidence[.]" Crim.R. 12(K) supplements and formalizes this statutory procedure. *State v. Hatter*, 1st Dist. Hamilton Nos. C-130326, C-130331, C-130332 and C-130353, 2014-Ohio-1910, ¶ 7. Specifically, Crim.R. 12(K) provides that when the state takes an appeal from an order suppressing or excluding evidence, "the prosecuting attorney must certify that (1) the appeal is not taken for the purpose of delay, and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." *Id.*

{¶ 9} "The purpose and effect of a motion to suppress and a motion in limine are distinct." *State v. French*, 72 Ohio St.3d 446, 449 (1995). A motion to suppress is the proper vehicle for raising constitutional challenges. *State v. Miller*, 11th Dist. Portage No. 2012-P-0032, 2012-Ohio-5585, ¶ 14. In contrast, "[a] motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial." *City of Defiance v. Kretz*, 60 Ohio St.3d 1, 4 (1991). In turn, a trial court's decision ruling on motion in limine is generally not a final appealable order. *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986). However, in cases involving appeals under R.C. 2945.67, such as the case here, the Ohio Supreme Court has taken a "look beyond the label" approach in determining whether an order is subject to appeal. *State v. Elqatto*, 10th Dist. Franklin No. 11AP-914, 2012-Ohio-4303, ¶ 9.

{¶ 10} For instance, in *State v. Davidson*, 17 Ohio St.3d 132 (1985), the defendant argued that a trial court order granting a motion in limine was not appealable under R.C. 2945.67 because the statute provided that the state could only appeal from a decision

- 4 -

granting a "motion to suppress evidence." *Id.* at 134-35. However, the Ohio Supreme Court rejected this argument and found any motion seeking to obtain a judgment excluding evidence at trial constituted a "motion to suppress" for purposes of R.C. 2945.67, when the motion, if granted, would destroy the state's ability to effectively prosecute the case. Specifically, as the Ohio Supreme Court stated in *Davidson*:

> Any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable probability of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim.R. 12[K].

*Id.* at syllabus.

{¶ 11} Therefore, inasmuch as the trial court effectively suppressed the disputed evidence by granting Hignite's two motions in limine, thereby excluding such evidence from trial, it is proper for this court to review the trial court's decision. "[W]here an evidentiary ruling destroys the state's case, the ruling is in essence a final order from which the state may appeal." *State v. Bassham*, 94 Ohio St.3d 269, 271 (2002). In so holding, we note that Hignite did not dispute the state's claim that this matter was immediately appealable in his appellate brief or during oral argument before this court.

**Standard of Review**

{¶ 12} It is well-established that this court generally reviews a trial court's ruling on a motion in limine for an abuse of discretion. *State v. Durbin*, 10th Dist. Franklin No. 14AP-249, 2014-Ohio-5759, ¶ 14. However, as this court recently stated, this is an improper standard of appellate review to use where a motion in limine is the functional equivalent of motion to suppress. *State v. Shalash*, 12th Dist. Warren No. CA2014-12-146, 2015-Ohio-3836, ¶ 42, citing *State v. Johnston*, 2d Dist. Montgomery No. 26016, 2015-Ohio-450, ¶ 27. Rather, this court uses the standard of review applicable to a motion to suppress. *Id.* In

reviewing a trial court's decision on a motion to suppress, this court must accept as true the trial court's findings of fact if they are supported by competent, credible evidence, and then independently determine, without deference to the trial court's decision, whether the facts satisfy the applicable legal standard. *State v. Myers*, 12th Dist. Clinton Nos. CA2014-02-002 and CA2014-02-004, 2015-Ohio-160, ¶ 11.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE WARREN COUNTY COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT GRANTED [HIGNITE'S] MOTION IN LIMINE TO EXCLUDE EVIDENCE OF [HIGNITE'S] OTHER BANK ROBBERIES.

{¶ 15} In its first assignment of error, the state argues the trial court erred by granting Hignite's motion in limine to exclude the photographic and video evidence from LCNB National Bank and Chase Bank. We agree.

{¶ 16} Evid.R. 402 provides that all relevant evidence is generally admissible. *State v. Harrington*, 159 Ohio App.3d 451, 2004-Ohio-7140, ¶ 9 (12th Dist.). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. However, pursuant to Evid.R. 403(A), relevant evidence is not admissible and shall be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, or confusion of the issues, or of misleading the jury." Unfairly prejudicial evidence is evidence that might result in an improper basis for a jury decision. *State v. Palmer*, 12th Dist. Butler Nos. CA2013-12-243 and CA2014-01-014, 2014-Ohio-5491, ¶ 23, citing *State v. Bowman*, 144 Ohio App.3d 179, 186 (12th Dist.2001). "[I]f the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial." *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, ¶ 24.

{¶ 17} Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 40. In turn, pursuant to Evid.R. 404(B), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that a person acted in conformity therewith on a particular occasion. *State v. Hart*, 12th Dist. Warren No. CA2008-06-079, 2009-Ohio-997, ¶ 11. Such evidence, however, is permitted for other purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident. *State v. Thomas*, 12th Dist. Butler No. CA2012-11-223, 2013-Ohio-4327, ¶ 22.

{¶ 18} Here, just as the trial court found, the photographic and video evidence from LCNB National Bank and Chase Bank was properly admissible under Evid.R. 404(B) to establish Hignite's identity as the robber of the US Bank now at issue. As this court has stated previously, "[o]ther-acts evidence need be proved only by substantial proof, not proof beyond a reasonable doubt." *State v. Bromagen*, 12th Dist. Clermont No. CA2005-09-087, 2006-Ohio-4429, ¶ 14. In this case, however, Hignite pled guilty to both charges relating to his attempted robbery of LCNB National Bank and his successful robbery of Chase Bank. *See State v. Hignite*, Butler C.P. No. CR2014-09-1473. Therefore, because we find the trial court did not err by finding this evidence was properly admissible under Evid.R. 404(B), the issue in this case is whether the trial court erred by finding the disputed evidence, although relevant, should be excluded at trial under Evid.R. 403(A).

{¶ 19} After a thorough review of the record, we find the trial court erred by finding the probative value of the photographic and video evidence depicting Hignite attempting to rob LCNB National Bank before successfully robbing Chase Bank in the same manner he is

- 7 -

alleged to have robbed the US Bank at issue here was substantially outweighed by the danger of unfair prejudice to him. As the record reveals, the identity of the individual who robbed the US Bank was a material issue at trial. Outside of eyewitness testimony or DNA evidence directly linking Hignite to the crime, we find this evidence could not be more probative as to the issue of identity, let alone that its probative value could be *substantially* outweighed by the danger of unfair prejudice. Simply stated, the photographs and video evidence from LCNB National Bank and Chase Bank will allow the jury to view Hignite – his gait, appearance and actions – and compare it to the individual depicted robbing the US Bank now at issue. Nothing about this evidence arouses the jury's emotional sympathies, nor does it evoke a sense of horror, or appeal to an instinct to punish so as to be considered unfairly prejudicial.

{¶ 20} We also find the trial court erred by finding a limiting instruction would not be sufficient to minimize any potential prejudice to Hignite. It is well-established that a jury is presumed to follow and comply with instructions given by the trial court. *State v. Carpenter*, 12th Dist. Butler No. CA2005-11-494, 2007-Ohio-5790, ¶ 20, citing *Pang v. Minch*, 53 Ohio St.3d 186 (1990). Therefore, the trial court's decision finding a limiting instruction would be insufficient to overcome any potential prejudice to Hignite was improper and contrary to "the almost invariable assumption of the law that jurors follow [the trial court's] instructions." *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702 (1987), citing *Francis v. Franklin*, 471 U.S. 307, 325, fn. 9, 105 S.Ct. 1965 (1985).

{¶ 21} We find it important to note that "[l]ogically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits." *State v. Martin*, 12th Dist. Butler No. CA2007-01-022, 2007-Ohio-7073, ¶ 16. However, as stated previously, nothing about this evidence, as opposed to any other so-called "other acts" evidence deemed admissible under Evid.R. 404(B), indicates

that it has the potential to undermine the effectiveness of a proper limiting instruction. Therefore, because we find the trial court erred by granting Hignite's motion in limine as it relates to the photographic and video evidence from LCNB National Bank and Chase Bank, the state's first assignment of error is sustained.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE WARREN COUNTY COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT GRANTED [HIGNITE'S] MOTION IN LIMINE TO EXCLUDE [HIGNITE'S] STATEMENT TO POLICE.

{¶ 24} In its second assignment of error, the state argues the trial court erred by granting Hignite's motion in limine to exclude a summary of an interview Hignite had with police, wherein he is alleged to have made a statement to police implicating himself in the US Bank robbery now at issue. Yet, while we agree that the summary itself is not admissible, based on the record before this court, we see no reason why the officers who conducted the interview of Hignite should be precluded from testifying about Hignite's alleged statement to them. As noted by the Ohio Supreme Court, "[a] defendant's own out-of-court statements, offered against him at trial, are not hearsay." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 112. In addition, similar to the disputed evidence discussed above, we again find nothing about this evidence indicates it has the potential to arouse the jury's emotional sympathies, evoke a sense of horror, or appeal to an instinct to punish so as to be deemed unfairly prejudicial. Therefore, the state's second assignment of error is also sustained.

{¶ 25} Judgment reversed and remanded for further proceedings.

PIPER, P.J., and RINGLAND, J., concur.