[Cite as *State v. Thyot*, 2018-Ohio-644.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170178 |
| | | C-170179 |
| Plaintiff-Appellant, | : | TRIAL NO. C-16TRC-31463A/B |
| vs. | : | *O P I N I O N.* |
| ERNEST L. THYOT, | : | |
| Defendant-Appellee. | : | |


Criminal Appeals From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 21, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellee.

**MOCK, Presiding Judge.**

{¶1} Plaintiff-appellant, state of Ohio, appeals from the decision of the Hamilton County Municipal Court granting the motion in limine filed by defendant-appellee Ernest L. Thyot. We find merit in the state's sole assignment of error, and therefore, we reverse the trial court's judgment and remand the cause for further proceedings.

### I. Facts and Procedure

{¶2} The record shows that Thyot was charged with operating a motor vehicle while under the influence of alcohol under R.C. 4511.19(A)(1)(a) and driving under suspension under R.C. 4510.11(A). He filed a motion in limine seeking to exclude a video taken from a Thornton's gas station purportedly showing him operating a motor vehicle on the date in question.

{¶3} At a hearing on the motion, the state presented the testimony of Tom Tegenkamp, a regional manager for Thornton's Oil Co. He supervised eight stores, including store 560, located at 12185 Princeton Pike. He was familiar with that store because he had helped open it about a year prior to the hearing.

{¶4} Tegenkamp was also familiar with the store's surveillance system, which he had used in the past for "various investigations and that sort of thing." He testified that it was a "continuous recording closed-circuit surveillance system," meaning that there were 12 to 16 cameras at each store, which were recording "24 hours a day, seven days a week." Tegenkamp was one of three people who could access the system, and the videos were made in the ordinary course of business.

{¶5}  The system stored all recordings on the hard drive, which was kept for 90 days.  The hard drives were stored in the office at the site.   If a recording had to be saved longer than 90 days, it was burned onto a DVD or stored on a flash drive.

{¶6}  Tegenkamp identified a frame of a video on a DVD as a "video of our fueling areas in front of * * * Store 560."  He also testified that the video was taken on July 4, 2016, at 9:00 in the evening.  He knew the date and time because it was "superimposed on the bottom of the picture, right below the picture."  He indicated that there had been no problems with the recording system in the past and that he had no reason to believe the time and date were inaccurate.

{¶7}  Tegenkamp acknowledged that he was not present when the video was recorded, and that he had no personal knowledge of the events that appeared in the video.  He was also not the individual who had burned the video onto a DVD.

{¶8}  Following the hearing, the trial court granted Thyot's motion in limine. The court noted that the state had to prove that the video tape "fairly, truly and accurately" depicted what it purported to depict and that the "condition of the video has not been altered, edited, or distorted."  It found:

1.  The witness was not the custodian of the video DVD[.]

2.  The witness did not have custody or control over the burned copy[.]

3.  The witness had no personal knowledge of video DVD equipment reliability to record[,] burn or copy[.]

4.  The wit[ness] was not [at] the scene of the videotaping or burning of copy[.]

5.  The wit[ness] did not prepare the video DVD for court[.]

6. The wit[ness] cannot testify that the video DVD fairly and accurately depicted what the proponent said it did[.]

{¶9} Based on those findings, the court held that the video was not adequately authenticated. The state has filed an interlocutory appeal from the trial court's judgment. Before we address the state's assignment of error, we must address Thyot's argument that the state has no right to appeal from the denial of the motion in limine.

## II. The State's Right to Appeal

{¶10} R.C. 2945.67 states that a prosecuting attorney may appeal as a matter of right "any decision of the trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence[.]" Crim.R. 12(K) (formerly Crim.R. 12(J)) "supplements and formalizes the statutory procedure." *State v. Davidson*, 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985). The rule provides that when the state takes an appeal from an order suppressing or excluding evidence, the prosecuting attorney must certify that (1) the appeal is not taken for purpose of delay, and (2) the ruling on the motion or motions has rendered the state's proof so weak in its entirety that any reasonable probability of effective prosecution has been destroyed. *State v. Hatter*, 1st Dist. Hamilton Nos. C-130326, C-130331, C-130332 and C-130353, 2014-Ohio-1910, ¶ 7.

{¶11} As a general rule, rulings on motions in limine are interlocutory and are not final, appealable orders. *State v. Grubb*, 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142 (1986); *Hatter* at ¶ 6. But, the Ohio Supreme Court has stated,

Any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that

4

any reasonable probability of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim.R. 12(J).

*Davidson* at syllabus.

{¶12} In *Hatter*, the defendant filed a motion in limine, contending that statements made by a murder victim were inadmissible hearsay and other-acts evidence. The trial court granted the motion, and the state appealed. This court held that the granting of the motion was a final order from which the state was permitted to appeal under R.C. 2945.67, as long as it had followed the provisions of Crim.R. 12(K). *Hatter* at ¶ 9. We stated, "The granting of Hatter's pretrial motion excluding the witnesses' testimony in its entirety severely weakened the state's case so that any reasonable probability of effective prosecution was destroyed. Therefore the trial court was correct in recasting the motion as one requesting the suppression of evidence." *Id.* at ¶ 9. *See State v. Jackson*, 92 Ohio App.3d 467, 469, 636 N.E.2d 332 (1st Dist.1993).

{¶13} The same reasoning applies in this case. Though the trial court did not say that it was recasting the motion in limine as a motion to suppress, this court can do so. Thus, the ruling on the motion in limine was a final order, which the state was permitted to appeal under R.C. 2945.67, as long as it followed the provisions of Crim.R. 12(K).

{¶14} The state complied with the requirements of Crim.R. 12(K). Thyot takes issue with the state's certification that the granting of the motion severely weakened the state's case so that any reasonable possibility of effective prosecution was destroyed. But the Ohio Supreme Court has held that an appellate court is

5

without authority to review the prosecutor's Crim.R. 12(K) certification. Therefore, a court of appeals may not dismiss the prosecutor's appeal for want of a final, appealable order based on the merits of the prosecutor's certification. *State v. Bertram*, 80 Ohio St.3d 281, 285, 685 N.E.2d 1239 (1997).

### III. Merits of the State's Appeal

{¶15} We turn now to the merits of the state's appeal. In its sole assignment of error, the state contends that the trial court erred in granting Thyot's motion in limine. It argues that it adequately authenticated the video. This assignment of error is well taken.

### A. Standard of Review

{¶16} Generally, the standard of review for evidentiary motions, such as motions in limine, is abuse of discretion. *State v. Garrett*, 1st Dist. Hamilton No. C-090592, 2010-Ohio-5431, ¶ 25. But other appellate courts have held that when a motion in limine is the functional equivalent of a motion to suppress, courts should use the standard of review applicable to a motion to suppress. *See State v. Hignite*, 12th Dist. Warren No. CA2015-07-063, 2015-Ohio-5204, ¶ 12; *State v. Johnston*, 2d Dist. Montgomery No. 26026, 2015-Ohio-450, ¶ 27; *State v. Greaves*, 2012-Ohio-1989, 971 N.E.2d 987, ¶ 8-11 (6th Dist.). We agree with the reasoning of those courts, and we apply that standard of review in this case.

{¶17} Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Sweeten*, 1st Dist. Hamilton No. C-150583, 2016-Ohio-5828, ¶ 8.

### B. Authentication

{¶**18**} Evid.R. 901(A) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Put another way, "[t]he authentication requirement is satisfied when the proponent presents foundational evidence or testimony from which a rational jury may determine that the evidence is what its proponent claims it to be." *State v. Crossty*, 1st Dist. Hamilton No. C-170085, 2017-Ohio-8382, ¶ 29. This court has stated that "[t]his burden is not great, and only requires a prima facie showing through direct or circumstantial evidence." *Id.*

{¶**19**} Photographic evidence, including videotapes, can be admitted under two theories. Under the pictorial-testimony theory, evidence is admissible "when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on the witness' personal observation." *Midland Steel Prod. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 129-130, 573 N.E.2d 98 (1991); *State v. Hoffmeyer*, 9th Dist. Summit No. 27065, 2014-Ohio-3578, ¶ 19. Under the silent-witness theory, photographic evidence is a "silent witness," which "speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness." *Midland Steel* at 129-130; *State v. Maiolo*, 2d Dist. Clark No. 2015-CA-15, 2015-Ohio-4788, ¶ 11. Under that theory, evidence is admissible "upon a sufficient showing of the reliability of the process or system that produced the evidence." *Midland Steel* at 130; *Hoffmeyer* at ¶ 19. No expert testimony is required to substantiate the reliability of the surveillance system. *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 151; *Midland Steel* at 130.

{¶20} The video was admissible under the silent-witness theory. Tegenkamp testified that the video was a recording of what was taking place outside of Thornton's store 560, with which he was familiar. He testified about how the system worked, and the way it recorded and stored video in the ordinary course of business. He further testified that it was a problem-free system that continuously recorded what occurred in the area outside the Thornton store. While he had no personal knowledge of the contents of the video and was not present when it was burned to the DVD, those facts are not dispositive. He knew the system and the storage method for the recordings, and he had used the system in previous investigations.

{¶21} This evidence was sufficient to authenticate the video. The threshold for authentication is low and does not require conclusive proof of authenticity. *State v. Freeze*, 12th Dist. Butler No. CA2011-11-209, 2012-Ohio-5840, ¶ 65. Instead, the proponent has the burden to demonstrate a "reasonable likelihood" that the evidence is authentic. *Hoffmeyer* at ¶ 18; *Freeze* at ¶ 65. Any defects in the testimony go to the weight of the evidence, not its authenticity.

{¶22} Thyot and the trial court took issue with the fact that Tegenkamp was not the custodian of the video. But the video was admissible into evidence as a business record under Evid.R. 803(6). This court has stated that the custodian of the records *or other qualified witness* may lay the requisite foundation for admissibility. (Emphasis added.) *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 10 (1st Dist.). The testifying witness must possess a working knowledge of the specific record-keeping system that produced the document. *State v. Davis*, 62 Ohio St.3d 326, 342, 581 N.E.2d 1362 (1991); *State v. Hirsch*, 129 Ohio App.3d 294, 312, 717 N.E.2d 789 (1st Dist.1998). "While the witness need not have personal knowledge of the creation of the particular record in question * * * , he must

be able to vouch from personal knowledge of the record-keeping system that such records were kept in the regular course of business." *Hirsch* at 312, quoting *Davis* at 342. Tegenkamp met these requirements.

{¶23} Under the circumstances, we hold that the state adequately authenticated the video. The video was admissible into evidence, and the trial court erred in granting Thyot's motion in limine. We sustain the state's assignment of error, reverse the trial court's judgment, and remand the cause to the trial court for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**ZAYAS** and **MILLER, JJ.,** concur.