[Cite as *State v. Lackey*, 2023-Ohio-3720.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230025 |
| | | TRIAL NO. B-2106423 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| NORMAN LACKEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 13, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jackson Law Office, LLC*, and *Kory A. Jackson*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}    Defendant-appellant Norman Lackey appeals his convictions for various drug and weapons offenses.  Because the search warrant for his residence was supported by probable cause and the information in the affidavit submitted to obtain the search warrant was not stale, we affirm Lackey's convictions.

*Factual and Procedural Background*

{¶2}    Based on an anonymous complaint of heavy traffic and weapons at Lackey's residence, officers began surveillance of Lackey's residence.  During the course of their surveillance, officers observed the odor of marijuana emanating from Lackey's residence.  They also observed Lackey conducting a "dead drop," which entailed Lackey placing a clear plastic baggie containing an unknown substance in the bed of a truck.

{¶3}    Then, over the course of a month, the officers conducted three trash pulls from Lackey's residence.  (A trash pull involves searching items placed in a garbage bin at the curb for pickup.)  The first two trash pulls took place on December 1 and 8, 2021.  Among other things the officers recovered during the first two trash pulls were torn off baggies, vacuum sealed bags with the odor of marijuana, shipping labels, and small glass containers with hash residue.  Officers also conducted a third trash pull a few days later from which they recovered a vacuum sealed bag roll, three empty THC containers with marijuana residue inside, two empty packs of rolling papers, and two empty packs of THC gummies.

{¶4}    Based on these three trash pulls and the preceding investigation of Lackey's residence, the officers then submitted an affidavit for a search warrant to search Lackey's house.  The affidavit was submitted on December 16, 2021, less than

48 hours after the third trash pull. Based on the information contained in the affidavit, the trial court granted the application and issued the warrant.

{¶5} After the officers executed the search warrant, Lackey was indicted for trafficking in and possessing marijuana, trafficking in and possessing hashish, and having a weapon under a disability. Lackey moved to suppress the evidence seized from the search of his residence, arguing that the search was based on an affidavit that lacked probable cause and that the affidavit was based on stale information.

{¶6} After hearing arguments on Lackey's motion to suppress, the trial court denied the motion, finding that the facts set forth in the affidavit accompanying the search warrant supported a finding of probable cause. Subsequently, Lackey withdrew his not guilty pleas and entered no-contest pleas as charged. The trial court placed Lackey on community control after holding a sentencing hearing.

{¶7} Lackey now appeals.

### Standard of Review

{¶8} This court reviews a trial court's decision as to a motion to suppress de novo. *State v. Thyot*, 2018-Ohio-644, 105 N.E.3d 1260, ¶ 17 (1st Dist.). "We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard." *Id.*

### Probable Cause

{¶9} In his sole assignment of error, Lackey argues that the trial court erred in denying his motion to suppress. And in the first issue for review under this assignment of error, Lackey asserts that the affidavit in support of the search warrant lacked probable cause.

{¶10} In *State v. German*, we explained an appellate court's consideration in reviewing a trial court's decision as to a motion to suppress:

> In determining whether a search warrant was adequately supported by probable cause, the reviewing court's duty is merely to ensure that the issuing magistrate or judge had a substantial basis for concluding that probable cause existed. Neither a trial court nor an appellate court should substitute its judgment for the magistrate's by conducting a de novo review of whether the affidavit contained probable cause. This standard of review grants a great deal of deference to the issuing magistrate.

> To establish probable cause to issue a search warrant, an affidavit must contain information to allow a magistrate to draw the conclusion that evidence is likely to be found at the place to be searched. And probable cause exists when a reasonably prudent person would believe that there is a fair probability that the place to be searched contains evidence of a crime.

(Footnotes omitted.) *State v. German*, 1st Dist. Hamilton No. C-040263, 2005-Ohio-527, ¶ 12-13.

{¶11} Here, the affidavit established that contraband or evidence of a crime would likely be found at Lackey's residence. According to the affidavit, officers observed Lackey conducting a "dead drop" and the odor of marijuana emanating from his residence. Further, the affidavit detailed what the officers recovered from three trash pulls of Lackey's residence, including materials commonly used by marijuana traffickers. Though Lackey contends that most of the items recovered were just

evidence of personal drug use, the affidavit contained information connecting the items to marijuana trafficking.

{¶12} Therefore, considering the facts set forth in the affidavit as a whole, as we are bound to do at this stage of the proceedings, we hold that there was a fair probability that contraband or evidence of marijuana trafficking would be found at Lackey's residence. *See German* at ¶ 13. Accordingly, we uphold the trial court's finding of probable cause based on the affidavit.

### *Staleness*

{¶13} In his second issue for review, Lackey argues that the information in the search warrant was stale and therefore did not give rise to probable cause.

{¶14} Though the state argued Lackey waived his staleness argument by not asserting it in his motion to suppress, Lackey argued staleness at the suppression hearing. We therefore do not consider the argument waived.

{¶15} But we do not find any merit in this argument. We described when information in an affidavit has gone stale in *German*:

> Because probable cause to search is concerned with facts relating to a presently existing condition, a magistrate or judge must consider whether the information supporting the issuance of a warrant has gone stale. Therefore, the law of search and seizure requires that an affidavit for a search warrant present timely information.
>
> No arbitrary time limit dictates when information becomes stale. The test is whether the facts justify the conclusion that certain contraband remains on the premises to be searched.

(Footnotes omitted.) *German*, 1st Dist. Hamilton No. C-040263, 2005-Ohio-527, at ¶ 14-15. For example, "[t]he observation of a half-smoked marijuana cigarette in an ashtray at a cocktail party may well be stale the day after the cleaning lady has been in," but "the observation of the burial of a corpse in a cellar may not be stale three decades later." *Id.* at ¶ 17.

{¶16} The first, second, and third trash pulls occurred 15 days, eight days, and 48 hours before the officers applied for a warrant, respectively. Lackey argues the information contained in the affidavit occurred nearly a week before the warrant was served and was therefore stale. But as the state noted during the suppression hearing, trash is typically only picked up once a week, and it would have been impossible to pull trash more than once a week. Moreover, the fact that officers found evidence connected with drug activity on three separate instances over a 15-day period preceding the search heightened, not diminished, the likelihood that contraband remained on the premises. The regularity with which the items continued to be found in Lackey's trash undercut any concern that the passage of time might have rendered the information in the affidavit stale.

{¶17} Lackey also contends that a four-day delay in executing the search warrant contributed to its potential staleness. But again, the fact that Lackey's trash contained evidence connected to drug activity on three separate occasions spaced 13 days apart did not make it likely that those four days would change the calculus. We therefore hold that the affidavit was not based on stale information.

{¶18} Accordingly, we overrule Lackey's assignment of error and affirm his convictions.

Judgment affirmed.

**BERGERON, P.J.,** and **BOCK, J.,** concur**.**

Please note:

   The court has recorded its own entry on the date of the release of this opinion.