[Cite as *Navy Fed. Credit Union v. McAfee*, 2025-Ohio-4360.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

NAVY FEDERAL CREDIT UNION,  :  APPEAL NO.  C-240451
                                        TRIAL NO.   24CV02104

    Plaintiff-Appellee,  :

  vs.  :

STEPHANIE J. MCAFEE,  :  *JUDGMENT ENTRY*

    Defendant-Appellant.  :


This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is reversed and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 9/17/2025 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *Navy Fed. Credit Union v. McAfee*, 2025-Ohio-4360.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| NAVY FEDERAL CREDIT UNION, | : | APPEAL NO. | C-240451 |
| | | TRIAL NO. | 24CV02104 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| STEPHANIE J. MCAFEE, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 17, 2025

*Weltman, Weinberg & Reis, Co., L.P.A.*, and *Roy J. Schechter*, for Plaintiff-Appellee,

*Stephanie J. McAfee,* pro se.

**Bock, Judge.**

**{¶1}** Defendant-appellant Stephanie J. McAfee appeals the trial court's summary judgment in favor of plaintiff-appellee Navy Federal Credit Union ("Navy"). McAfee also challenges the trial court's admission of Navy's affidavit and evidence in support of its summary-judgment motion.

**{¶2}** We hold that the trial court abused its discretion when it considered inadmissible evidence attached to Navy's motion for summary judgment. An affiant's personal knowledge of Navy's record-keeping practices cannot be inferred solely from her title of "recoveries specialist," and the lack of personal knowledge makes Navy's affidavit and financial documents inadmissible. Because Navy did not support its summary-judgment motion with admissible evidence showing the existence of a contract or McAfee's breach, Navy is not entitled to judgment as a matter of law.

**{¶3}** We sustain both assignments of error, reverse the trial court's grant of summary judgment to Navy, and remand the cause for further proceedings.

### I. Factual and Procedural History

**{¶4}** In January 2024, Navy sued McAfee, alleging an outstanding $6,223.61 balance on a credit-card account ("the Account").

**{¶5}** Months later, McAfee moved for summary judgment, arguing that someone had fraudulently opened the Account under her name, rendering her not contractually bound to pay the $6,223.61. McAfee attached an affidavit, a letter where she disputed the debt, and a February 2024 Identity Theft Report that she filed with the Federal Trade Commission.

**{¶6}** Navy filed its own summary-judgment motion. Navy sought to prove McAfee's debt with Navy's "recovery specialist" Danielle Martinez Little's affidavit

3

("Little Affidavit"), a credit-card application, a copy of McAfee's license, and credit-card statements from October 2021 to May 2022.

{¶7} After a hearing on the motions, the magistrate granted Navy's motion for summary judgment and denied McAfee's motion. McAfee objected and, relevant here, challenged the admissibility of Little's sworn statement. The trial court adopted the magistrate's decision and granted Navy's summary-judgment motion "in the amount specified in the Magistrate's Decision."

{¶8} McAfee appealed. We stayed the appeal and ordered the trial court to rule on McAfee's objections. The trial court eventually overruled McAfee's objections after an independent review of the magistrate's decision.

## II. Analysis

{¶9} On appeal, McAfee raises two assignments of error. First, she argues that the existence of an enforceable contract between McAfee and Navy is a genuine issue of material fact that precludes summary judgment. Second, she claims Navy's affidavit and evidence attached to its summary-judgment motion are inadmissible.

{¶10} Under Civ.R. 56(C), summary judgment is proper if the evidence, construed in a light most favorable to the nonmoving party, reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A trial court considering a motion for summary judgment may only consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations." Civ.R. 56(C). Evidence attached to a motion for summary judgment may be considered only if the evidence would be admissible at trial. *See* Civ.R. 56(E).

{¶11} We review the trial court's decision to grant summary judgment de novo, or "without deference," and must independently decide, "as if [we are] the trial

4

court," whether summary judgment is proper under Civ.R. 56. *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30. Like the trial court, our review of Navy's motion for summary judgment is limited to evidence that complies with Civ.R. 56 and the rules of evidence. *See Tomlinson v. City of Cincinnati*, 4 Ohio St.3d 66, 66 (1983). Before we can review whether the trial court properly granted summary judgment in Navy's favor, we must decide whether the evidence attached to Navy's motion is admissible. So, we start with McAfee's evidentiary challenges in her second assignment of error.

### A. *Navy's evidence and affidavit are inadmissible*

**{¶12}** McAfee challenges the admissibility of Navy's evidence, including the Little Affidavit, on grounds that the affidavit failed to prove Little's personal knowledge and failed to authenticate the attached financial records.

**{¶13}** While we review the trial court's summary-judgment decision de novo, we review the admission of evidence for an abuse of discretion. *See Chase Bank, USA v. Curren*, 2010-Ohio-6596, ¶ 16 (4th Dist.). A trial court abuses its discretion when it admits evidence "where inadequate foundation was laid to establish the admissibility" of the evidence. *Hinte v. Echo, Inc.*, 130 Ohio App.3d 678, 684 (10th Dist. 1998).

**{¶14}** Under Civ.R. 56(E), an affidavit offered in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Affidavits are "a form of written testimony," and testimony must be based on "personal knowledge" to be admissible. *In re Disqualification of Goering*, 2024-Ohio-6137, ¶ 13. Indeed, a witness may not testify about a matter "unless evidence is introduced sufficient to support a finding that [s]he has personal knowledge of the matter." Evid.R. 602. And a witness's personal knowledge must be based on "firsthand observation or experience [rather

than] what someone else has said." *Goering* at ¶ 13. Said differently, personal knowledge is "'knowledge of factual truth which does not depend on outside information or hearsay.'" *Boyd v. Elsamaloty*, 2015-Ohio-5578, ¶ 22 (10th Dist.), quoting *Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 335 (6th Dist. 1995).

**{¶15}** The crux of McAfee's evidentiary challenge is whether Little was a "qualified witness" with sufficient personal knowledge to lay a foundation or authenticate Navy's records attached to the Little Affidavit.

**{¶16}** A party must lay a foundation for a document's admissibility by, relevant here, showing that the document falls into a hearsay exception and authenticating the document.

1. <u>Hearsay Exception</u>

**{¶17}** A business record introduced to prove the truth of the matter asserted is inadmissible unless it falls into one of Evid.R. 803's hearsay exceptions. *Herrera v. Phil Wha Chung*, 2021-Ohio-1728, ¶ 22 (8th Dist.). The exception relevant to the documents attached to Navy's summary-judgment motion is Evid.R. 803(6), the business-records exception. That rule permits business records to be admitted as an exception to the hearsay rule if the record was "kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the [record], all as shown by the testimony of the custodian or other qualified witness." Evid.R. 803(6).

**{¶18}** Thus, relevant here, documents may be admitted as a business record if a record custodian or "other qualified witness" testifies that the business kept the record as part of its regular business activities. *Id*. The witness must have "a working knowledge of the specific record-keeping system that produced the document." *State v. Thyot*, 2018-Ohio-644, ¶ 22 (1st Dist.). The witness must be familiar with the

record-keeping system to explain how the record was created in the entity's ordinary course of the business. *State v. Hood*, 2012-Ohio-6208, ¶ 40. Witnesses with that familiarity may testify, from personal knowledge, about the record-keeping system and if a record was kept in the regular course of business. (Citations omitted.) *In re Z.*, 2019-Ohio-1617, ¶ 12 (1st Dist.). A "qualified witness" does not "need . . . firsthand knowledge of the underlying transaction to lay the foundation" for the business record. *Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-7664, ¶ 30.

   2. Authentication

**{¶19}** A condition precedent to admitting evidence is authentication. Evid.R. 901(A). A party seeking to introduce evidence must produce "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* Authentication means identifying a record, which is necessary to lay a foundation for the admissibility of nontestimonial evidence, like documents. *Premier Capital, LLC v. Baker*, 2012-Ohio-2834, ¶ 43 (11th Dist.).

**{¶20}** A witness providing testimony to authenticate a document must have personal knowledge. Evid.R. 901(B)(1). Without "personal knowledge of the source of the records sought to be entered into evidence[, a witness] is not qualified to identify the records for purposes of having the records admitted." *Hinte*, 130 Ohio App.3d at 684-685 (holding that a witness who "testified that the documents had not, in fact, come to him in the normal and usual course of business, but rather as part of his preparation for trial" lacked personal knowledge to authenticate the documents).

   3. Navy did not show that Little had the necessary personal knowledge

**{¶21}** For affidavits in support of a motion for summary judgment, the personal-knowledge requirement is not a high bar. An affiant's uncontroverted sworn statement that her testimony is based on her personal knowledge satisfies Civ.R.

56(E)'s requirement that affidavits supporting summary-judgment motions must establish the affiant's competency to testify about the matters contained in the affidavit. (Citations omitted.) *Wilmington Trust Natl. Assn. v. Boydston*, 2017-Ohio-5816, ¶ 14 (8th Dist.). Indeed, courts do not require that "an affiant explain the basis for his or her personal knowledge where personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit." *Id.*

{¶22} But the Little Affidavit does not claim to base Little's statements, either statement-by-statement or as a whole, on Little's personal knowledge. The affidavit identifies Little as "a recoveries specialist for Navy" and states that "the records [attached] are kept in the regular course of [Navy]'s business and it is the regular course of [Navy]'s business to maintain these records." Rather than attesting to Little's knowledge of the records or the record-keeping system, the affidavit says that the "records and the entries thereon" were made "by, or from information transmitted by, a person with knowledge."

{¶23} Without an express averment by Little that her personal knowledge forms the basis of her affidavit, her "personal knowledge may be inferred from the contents of an affidavit." *Curren*, 2010-Ohio-6596, at ¶ 18 (4th Dist.). In these circumstances, the "affidavit must be examined to determine whether this affidavit specifically demonstrates personal knowledge about the matters." *State ex rel. Anderson v. The Village of Obetz,* 2008-Ohio-4064, ¶ 25 (10th Dist.).

{¶24} In *Curren*, the affidavit stated that the affiant was an "authorized agent of Chase Bank," asserted that the defendant had a balance due, and identified the exhibits attached to the affidavit. *Curren* at ¶ 19. The *Curren* court held that Chase's agent "did not aver that he had personal knowledge of the creation of those records or

of Chase's record-keeping system, and such knowledge cannot be inferred from the affidavit." *Id.* at ¶ 22.

{¶25} In contrast, personal knowledge has been inferred where an affiant identified herself as "a foreclosure specialist of Bank One" and averred "that the loan file was under her immediate control and supervision, that the note and mortgage attached to the complaint are accurate copies of the original instruments, [and] that the account was and remains in default." *Bank One, N.A. v. Swartz*, 2004-Ohio-1986, ¶ 16 (9th Dist.).

{¶26} The Little Affidavit is more consistent with the affidavit in *Curren*. To be sure, Little's job title conveys more information than the title of "authorized agent." But the responsibility of, and personal knowledge held by, a "recoveries specialist" is not self-evident to the point where we can infer that Little has first-hand knowledge of Navy's record-keeping system. While she reviewed the documents attached to the affidavit, there is nothing in the Little Affidavit to suggest that these types of documents are under her control and supervision.

{¶27} For its part, Navy cites *Navy Fed. Credit Union v. Studmire*, 2021-Ohio-1990 (11th Dist.), to argue that the affidavit in this case demonstrates sufficient personal knowledge of Navy's business records. But the *Studmire* court inferred that "Ms. Nation" was a "records custodian" because Nation averred that she had "the custody and control of the records." *Id.* at ¶ 17. And Nation's role as the records custodian provided a basis to infer that Nation's personal knowledge was sufficient to lay a proper foundation and admit the records under Evid.R. 803(6). *Id.* at ¶ 18.

{¶28} But here, Little's "recoveries specialist" job title fails to suggest that she "is sufficiently familiar with the operation of the business and with the circumstances

9

of the record's preparation and maintenance so that [s]he can testify the record is what it purports to be and was made in the ordinary course of business." *Id.* ¶ 15.

**{¶29}** In sum, Little's affidavit failed to sufficiently demonstrate her personal knowledge to lay the foundation for admitting Navy's proffered business records. And her affidavit lacks evidence of sufficient personal knowledge to state that McAfee owes $6,223.61 plus interest. Therefore, the trial court abused its discretion when it admitted and considered Navy's evidence as part of its review of Navy's motion for summary judgment. We sustain McAfee's second assignment of error.

B. *Without admissible evidence in support of its claim, Navy cannot sustain its burden on summary judgment*

**{¶30}** Turning to McAfee's first assignment of error, she argues that the trial court erred when it granted Navy's motion for summary judgment. We agree.

**{¶31}** Under Civ.R. 56(C), summary judgment is proper when, constructing the evidence in the nonmoving party's favor, reasonable people could only find in favor of the moving party. Evidence in support of the motion for summary judgment "must be in the record or the motion cannot succeed." *Welch v. Ziccarelli*, 2007-Ohio-4374, ¶ 40 (11th Dist.).

**{¶32}** Navy sued McAfee to collect an outstanding credit-card balance, which is an action on an account. *Midland Credit Mgt., Inc. v. Naber*, 2024-Ohio-1028, ¶ 13 (1st Dist.). Liability on an account arises "where the parties have conducted a series of transactions for which a balance remains to be paid." *Id.*, quoting *Capital One Bank (USA) N.A. v. Ryan*, 2014-Ohio-3932, ¶ 36.

**{¶33}** To prevail in an action on an account, "[a] party must show '(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant and (4) resulting damages to the plaintiff.'" *Id.* at ¶ 14, quoting *Capital One Bank*

10

*(U.S.A.), N.A. v. McCladdie*, 2022-Ohio-4082, ¶ 21 (8th Dist.). We have held that this requires proof of

> "the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due."

*Id.* at ¶ 16, quoting *Great Seneca Fin. v. Felt*, 2006-Ohio-6618, ¶ 6 (1st Dist.).

**{¶34}** Here, Navy's claim against McAfee relies entirely on inadmissible evidence. Absent the Little Affidavit and documents attached to its motion, Navy cannot establish that a contract existed between the parties, that McAfee breached that contract, or any damages. So, Navy is not entitled to a judgment as a matter of law. Therefore, we sustain McAfee's first assignment of error.

### III. Conclusion

**{¶35}** We sustain both assignments of error, reverse the trial court's grant of summary judgment, and reverse the cause for further proceedings.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.